UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA ANN PLUMMER,

        Petitioner,

        CIVIL ACTION NO. 05-CV-71215-DT
v.        HONORABLE GEORGE CARAM STEEH

SUSAN DAVIS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING IN PART PETITIONER'S MOTION TO HOLD IN ABEYANCE AND/OR MOTION TO DISMISS WITHOUT PREJUDICE AND DISMISSING HABEAS PETITION WITHOUT PREJUDICE**

**I.   Introduction**

Petitioner, an inmate at the Huron Valley Women's Facility in Ypsilanti, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her convictions for two counts of felony murder, armed robbery, and possession of a firearm during the commission of a felony, which were imposed following a jury trial in the Genesee County Circuit Court in 2001. Petitioner was sentenced to life imprisonment without the possibility of parole and a concurrent term of two years imprisonment.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising claims challenging the sufficiency of the evidence and the late endorsement of a prosecution witness. The court affirmed her convictions. *People v. Plummer*, No. 237814, 2003 WL 22160440 (Mich. Ct. App. Sept. 18, 2003) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Plummer*, 469 Mich. 1026, 679 N.W.2d 62 (March 30, 2004).

1

Petitioner signed the instant habeas petition on March 28, 2005 raising the same claims presented to the Michigan appellate courts. This matter is before the Court on Petitioner's "Motion to Hold in Abeyance and/or Motion to Dismiss Without Prejudice." Petitioner seeks to return to the state courts to properly federalize her claims and to exhaust state remedies on additional unidentified claims.

**II.     Discussion**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before she can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Having considered the matter, the Court finds that the petition should be dismissed without prejudice to allow Petitioner to fully exhaust state court remedies as to her current claims and any additional claims. The Court finds it unnecessary to hold this matter in abeyance, despite Petitioner's concerns about the statute of limitations.

A one-year statute of limitations applies to a habeas petition filed by a state prisoner. *See* 28 U.S.C. § 2244(d)(1). In this case, the Michigan Supreme Court denied Petitioner's

2

application for leave to appeal on March 30, 2004.  Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court.  *See* Rule 13(1), Supreme Court Rules.  With regard to the statute of limitations, therefore, her convictions became final on June 28, 2004 -- 90 days after the Michigan Supreme Court denied leave to appeal.  Petitioner was thus required to seek federal habeas relief on or before June 28, 2005, excluding any time during which a properly filed application for state post-conviction or collateral review is pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner signed the instant petition on March 28, 2005.  Thus, nine months of the one-year period expired before Petitioner filed her federal habeas petition.  While the filing of a federal habeas petition does not statutorily toll the one-year period, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to toll the limitations period), this Court equitably tolls the time during which a habeas action is pending in federal court.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  Accordingly, upon dismissal of this action without prejudice, Petitioner will have three months remaining of the one-year period.  Assuming that Petitioner proceeds with her state court remedies in a prompt fashion (before the expiration of the remaining three months), the statute of limitations will be statutorily tolled while Petitioner pursues state collateral review.  *See* 28 U.S.C. § 2244(d)(2).  At the conclusion of those state proceedings, Petitioner should be able to return to federal court within the remaining days of the one-year period.  Accordingly, the Court finds that the statute of limitations and the procedural posture of this case do not warrant holding the habeas petition in abeyance pending the resolution of additional state remedies.

### III.     Conclusion

For the reasons stated, the Court concludes that a non-prejudicial dismissal of this action is appropriate. Accordingly;

**IT IS ORDERED** that Petitioner's motion is **GRANTED IN PART** and that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: April 29, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 29, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA ANN PLUMMER,

        Petitioner,

                                        CIVIL ACTION NO. 05-CV-71215-DT
v.                                      HONORABLE GEORGE CARAM STEEH

SUSAN DAVIS,

        Respondent.
_____/

## **JUDGMENT**

The above-entitled matter having come before the Court on a Petition for Writ of Habeas Corpus, Honorable George Caram Steeh, United States District Judge, presiding, and in accordance with the Opinion and Order entered on this date;

**IT IS ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

                                                      DAVID J. WEAVER
                                                      CLERK OF THE COURT

                                  BY:   _____
                                                        DEPUTY COURT CLERK

DATED: _____